# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | | |
| | § | | |
| VS. | § | CASE NO. | 1:11-CR-24 |
| | § | | 1:11-CR-55 |
| | § | | 1:11-CR-102 |
| DAVID GLENN MANUEL | § | | |

## REPORT AND RECOMMENDATION ON
## THE DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On September 2, 2011, the court ordered a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 1:11-CR-24, Docket No. 12. The order was later amended, but only to extend the deadline to complete the exam. Defendant subsequently received an evaluation by Ralph Ihle, Ph.D., Chief Forensic Psychologist at the Metropolitan Detention Center in Los Angeles, California; Dr. Ihle completed his report on November 28, 2011.

The psychiatric report concludes that, in the opinion of Dr. Ihle, the Defendant is mentally competent to stand trial. The report indicates there is no evidence to indicate that the Defendant suffers from a mental disorder that would substantially impair his present ability to understand the

nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense.

A competency hearing was conducted on January 19, 2012. At the hearing, the Defendant appeared in court with counsel, Gary Bonneaux, Esq. Counsel for the Defendant indicated several objections to Dr. Ihle's medical opinion and the factual background as presented in the report:

- Page 5, paragraph four: The Defendant alleges that he does have a history of three hospitalizations for mental illness since his teenage years.

- Page 7, paragraph three: Counsel for the Defendant avers that he did in fact email Dr. Hope on November 16, 2011.

- Page 9, last paragraph: The Defendant disagrees with the doctor's assessment that he has been malingering.

- Page 13, paragraph 2: The Defendant disagrees that his prognosis is poor, and that there is a low likelihood of him voluntarily engaging in protracted psychological treatment.

In spite of the Defendant's objections to the conclusions reached by Dr. Ihle (listed above), neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into evidence under seal. Furthermore, despite the above objections, both the Defendant and the Government agreed that he was competent to stand trial.

The undersigned therefore concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The Defendant has a rational and factual understanding of the proceeding against him, and he has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

## RECOMMENDATION

The court should find the Defendant competent to stand trial because he understands the proceeding against him and has the ability to assist his attorney under Title 18 U.S.C. § 4241.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, see Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. See Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983); United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

SIGNED this 24th day of January, 2012.

_____
Zack Hawthorn
United States Magistrate Judge