

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:11-CR-24** |
| | § | |
| **DAVID GLENN MANUEL** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, David Glenn Manuel, violated conditions of supervised release imposed by United States District Judge Mary H. Murguia of the District of Arizona. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on August 1, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A.  Procedural History

On December 20, 2004, before the Honorable Mary H. Murguia of the District of Arizona after pleading guilty to the offense of bank robbery, a Class C felony.  Judge Murguia sentenced the defendant to 78 months imprisonment, followed by 36 months supervised release subject to the standard conditions of release, plus special conditions to include mental health treatment,  you shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and reasonable manner, and you shall submit to DNA collection.  On July 9, 2010, David

Glenn Manuel completed his period from imprisonment and began service of the supervision term. On March 22, 2011, jurisdiction in this case was transferred to the Eastern District of Texas. The proceeding is now assigned to the docket of United States District Judge Ron Clark.

### B. Allegations in Petition

The United States alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall not leave the judicial district without permission of the Court or probation officer.*

Specifically, on April 3, 2011, David Glenn Manuel was stopped by the Harris County Sheriff's Office. Mr. Manuel did not have prior approval to travel outside the Eastern District of Texas.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. If the case proceeded to a contested hearing, the Government would offer testimony establishing that on or about April 3, 2011, the defendant was stopped by officers with the Harris County Sheriff's Office in Harris County, outside of the Eastern District of Texas. The Government would also offer the testimony of United States Probation Officer(s) who would testify that Manuel did not receive permission from his probation officer to leave the jurisdiction.

Defendant, David Glenn Manuel, offered a plea of true to the allegations. Specifically, Mr. Manuel agreed with the evidence presented and pled true to the allegation that left the Eastern District of Texas without permission from his probation officer, all in violation of his supervision conditions.

**D.  Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by leaving the judicial district without permission.

If the Court finds that Mr. Manuel violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).  Based upon the defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from eight (8) to fourteen (14) months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction in this case was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, less any time the defendant has already served in prison for a previous revocation.  *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).  Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation.  *United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

– 4 –

*Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he left the judicial district without permission in violation of his supervision conditions. Mr. Manuel voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing.*

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **eight (8) months imprisonment**, to run **concurrently** with the terms of imprisonment imposed for the revocations in cause numbers 1:04-CR-89 and 1:11-CR-112, and to run **consecutively** to the terms of imprisonment imposed against Manuel for the new convictions in cause numbers 1:11-CR-55 and 1:11-CR-102, all pending in the Eastern District of Texas. The Court further recommends that no further supervision be imposed in this case.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and

(2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 2nd day of August, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE